**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DEMETRIUS D. MILES**, | : | Case No. 5:13 CV 1078 |
| Petitioner, | : | |
| vs. | : | |
| **MARGARET BRADSHAW, WARDEN**, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Respondent. | : | |

**I. INTRODUCTION**

This case was automatically referred to the undersigned Magistrate Judge for report and recommendation pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES. Pending are:

(1) The Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 (Docket No. 1); and Respondent's Return of Writ (Docket No. 4); Petitioner's Traverse (Docket No. 7);
(2) Petitioner's Motion to Dismiss all Unexhausted Claims (Docket No. 6); and
(3) Petitioner's Motion for Declaratory Judgment with supporting Affidavit (Docket Nos. 8 &9).

For the reasons set forth below, the Magistrate recommends that the Court (1) deny the Petition for Writ of Habeas Corpus; (2) deny the Motion to Dismiss; and (3) deny the Motion for Declaratory Judgment.

## II.  FACTUAL & PROCEDURAL BACKGROUNDS.

After leaving a strip club, Petitioner and his girlfriend, Georgetta Gomez, returned home and engaged in a fight.  During the fight, Petitioner bit and severed Ms. Gomez' lip.  As a result, Ms. Gomez required surgery.  *State v. Miles,* 2012 WL 2128035, *1 (2012).

### A.  INDICTMENT AND SUPPLEMENT TO THE INDICTMENT.

On May 5, 2011, Petitioner was indicted in the Summit County Common Pleas Court, for the following offenses against Ms. Gomez:

| | |
|---|---|
| Count One | Felonious assault, a violation of OHIO REV. CODE § 2903.11(A)(1). |
| Count Two | Domestic violence, having previously pled guilty or been convicted of two or more offenses of domestic violence, a violation of OHIO REV. CODE § 2919.25(A). |
| Count Three | Domestic violence, having previously pled guilty or been convicted of two or more offenses of domestic violence, a violation of OHIO REV. CODE § 2919.25(C) (Docket No. 4-1, pp. 3-4 of 139). |

On June 2, 2011, a supplemental indictment was entered:

| | |
|---|---|
| Count Four | On or about May 2, 2011 through May 8, 2011, Petitioner committed the crime of violating a protection order, a violation of OHIO REV. CODE § 2919.27 (Docket No. 4-1, p. 6 of 139). |

### B.  THE TRIALS.

A jury trial was commenced on July 18, 2011, and on July 21, 2011, the jury returned a verdict of guilty as to Counts two, three and four, finding also that Petitioner previously had been convicted of two or more counts of domestic violence.  The jury was unable to reach a verdict as to Count one (Docket No. 4-1, p. 8 of 139).  The court empaneled another jury to retry the felonious assault charge.  On September 28, 2011, the jury found Defendant not guilty of felonious assault, as contained in Count one of the indictment (Docket No. 4-1, p. 9 of 139).

### C.  SENTENCING.

In a Journal Entry filed November 1, 2011, Petitioner was committed to the Ohio

Department of Rehabilitation and Corrections for a definite term of 36 months for the punishment of the crime of domestic violence (Count 2); six months in the Summit County Jail for punishment for the crime of domestic violence (Count 3); and six months in the Summit County Jail for punishment of the crime of violating a protective order (Count 4).  The sentences imposed were to be served concurrently with each other and Petitioner was subject to post-release control for a mandatory period of three years (Docket No. 4-1, pp. 9-10 of 139).

    D.    **DIRECT APPEAL.**

On November 23, 2011, Petitioner perfected a notice of appeal as to Count two (Docket No. 4-1, p. 11 of 139).  In his brief on the merits, Petitioner asserted the following assignments of error:

1. The evidence is insufficient to sustain a finding that Petitioner is guilty of domestic violence menacing and domestic violence.
2. The verdict of guilty of domestic violence menacing and domestic violence were against the manifest weight of the evidence.
3. The trial court erred by not granting Petitioner's RULE 29 motion with respect to the domestic violence menacing charge and the domestic violence charge.
4. The trial court violated Petitioner's right to due process under the Ohio Constitution and the Constitution of the United States as applicable through the Fourteenth Amendment (Docket No. 4-1, pp. 12-30 of 139).

On June 13, 2012, the Court of Appeals for the Ninth Judicial District sustained in part, reversed in part and remanded the cause for the following reasons:

1. Petitioner's conviction under OHIO REV. CODE § 2919.25(A) was based on sufficient evidence; accordingly, his first and third assignments of error were overruled to the extent that they challenge that conviction.
2. Petitioner's conviction under OHIO REV. CODE § 2919.25(C) was not based on sufficient evidence and was therefore vacated; accordingly, his first and third assignments of error were sustained to the extent that they challenge that conviction.
3. Because of the disposition of Petitioner's conviction arising under OHIO REV. CODE § 2919.25(C), the court considered the third assignment of error only as it related to OHIO REV. CODE § 2919.25(A).  The jury did not lose its way in convicting Petitioner and thus, the second assignment of error is overruled.

> 4. Because Petitioner only supported his motion for mistrial with inadmissible evidence, the trial court did not err by denying his motion without a hearing (Docket No. 4-1, pp. 60-72 of 139).

### E. APPEAL TO THE SUPREME COURT OF OHIO.

In the Supreme Court of Ohio on July 30, 2012, Petitioner presented an argument as to why the Court should accept jurisdiction of his appeal:

> The use of the aliunde rule[1] codified in OHIO EVID. R. 606(B) to exclude evidence of a juror's outside research violates Petitioner's constitutional right to due process and a fair trial (Docket No. 4-1, p. 79 of 139).

Upon consideration of the jurisdictional memoranda, Acting Chief Justice Paul E. Pfeifer denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question on October 24, 2012 (Docket No. 4-1, p. 104 of 139).

### F. APPLICATION FOR REOPENING

On July 16, 2012, Petitioner filed an application for reopening pursuant to OHIO APP. R. 26(B), alleging:

> 1. Appellate counsel was ineffective for failing to raise the right to face his accusers and cross-examine the testimonial statements of the victim.
> 2. Appellate counsel was ineffective for failing to raise an issue that trial counsel was ineffective for not investigating the case and subpoenaing witnesses to testify as to what actually happened.
> 3. Appellate counsel was ineffective for failing to raise an issue that trial counsel failed to object to flawed jury instructions which prejudiced Petitioner (Docket No. 4-1, pp. 105-114 of 139).

On August 10, 2012, the Ninth District Court of Appeals denied Petitioner's application for reopening (Docket No. 4-1, pp. 125-128 of 139).

---

[1] The aliunde rule is based on the doctrine that a verdict may not be called into question by a juror's testimony without a foundation for that testimony being first established by competent evidence from another source. For example, a verdict may not be overturned on the testimony of a juror that he was bribed, unless there was first evidence from another source of the bribery. WEBSTER'S NEW WORLD LAW DICTIONARY (2010).

### G. RE-SENTENCING.

On August 2, 2012, the trial court re-sentenced Petitioner consistent with the opinion of the Ninth District Court of Appeals. Count three of the indictment was dismissed. As to Count two, Petitioner was committed to the Ohio Department of Rehabilitation and Corrections for a definite term of three years, which is not a mandatory term and as to Count four, Petitioner was sentenced to a definite term of six months in the Summit County Jail. Such sentences were to be served concurrently with each other for a total of three years (Docket No. 4-1, pp. 73-74 of 139).

### H. PETITION FOR WRIT OF HABEAS CORPUS.

Petitioner filed a Petition Under 28 U. S. C. § 2254 for Writ of Habeas Corpus on May 10, 2013. He alleged:

1. Ineffective assistance of trial counsel for failing to object to the deprivation of Petitioner's right to face his accusers and to cross-examine the victim.
2. a) Ineffective assistance of trial counsel for failure to investigate and call witnesses.
   b) Ineffective assistance of appellate counsel for failure to raise the issue on appeal that Petitioner had a right to confront his accuser (Docket No. 1, pp. 5; 7 of 33).

### III. THE STATUTE OF LIMITATIONS.

Under the ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT of 1996 (AEDPA), there is a one year statute of limitations that applies to the application of a writ of habeas corpus filed by a person in custody pursuant to a state court. *Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452, 458 (6th Cir. 2012) *cert. denied*, 133 S. Ct. 141 (2012) (*citing* 28 U.S.C. § 2244(d)(1)). This statute of limitations begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at 458-459 (*citing* 28 U.S.C. § 2244(d)(1)(A)–(D)).

The limitation's period is tolled for the 90-day period in which a petitioner could seek *certiorari* in the United States Supreme Court. *DeDonno v. Hurley,* 2008 WL 20482059, *5 (N.D.Ohio, 2008) (*See Lawrence v. Florida*, 127 S.Ct. 1079 (2007)).

Pursuant to Section 2244(A), the one year statute of limitations began to run on January 24, 2013. Petitioner filed his Petition for Writ of Habeas Corpus on May 10, 2013. The Petition for Writ of Habeas Corpus in this case was timely filed.

### IV. ANALYSIS OF THE PETITION FOR WRIT OF HABEAS CORPUS (DOCKET NO. 1).

Having determined that the Petition in this case was timely filed, the Magistrate must determine whether Petitioner complied with the procedural rules for bringing his claims in state court and whether the state court enforced the procedural rules in Petitioner's case.

### A. PROCEDURAL DEFAULT STANDARD OF REVIEW.

Pursuant to the ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, habeas relief is available to a state prisoner only where "the applicant has exhausted the remedies available in the courts of the State." *Henderson v. Palmer,* 2013 WL 4838799 (6$^{th}$Cir. 2013) (*citing* 28 U.S.C. § 2254(b)(1)(a)). Generally, the Sixth Circuit Court will review only those habeas claims decided on the merits in state courts, not those deemed procedurally defaulted. *Id.* (*citing*

6

*Seymour v. Walker*, 224 F.3d 542, 549–550 (6th Cir.2000)). A petitioner may avoid procedural default by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case. *Id*. at 550. To determine whether a claim has been procedurally defaulted, a four-factor test is applied:

> First, the court must determine whether there is such a procedural rule that is applicable to the claim at issue and whether the petitioner did, in fact, fail to follow it. Second, the court must decide whether the state courts actually enforced its procedural sanction. Third, the court must decide whether the state's procedural forfeiture is an "adequate and independent" ground on which the state can rely to foreclose review of a federal constitutional claim. "This question will usually involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims." And, fourth, the petitioner must demonstrate, consistent with *Wainwright v. Sykes*, 97 S.Ct. 2497 (1977), that there was "cause" for him to neglect the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* (*citing Greer v. Mitchell*, 264 F.3d 663, 672–73 (6th Cir.2001)).

### 1. PETITIONER'S FIRST AND SECOND CLAIMS OF INEFFECTIVE ASSISTANCE WERE NOT PRESERVED FOR FEDERAL HABEAS REVIEW.

Petitioner's first claim and the first prong of his second claim of ineffective assistance of trial counsel for failure to object to deprivation of Petitioner's Sixth amendment right to confront and cross-examine his accuser and to investigate and call witnesses could all have been raised in a constitutional context on direct appeal and they were not. Thus, the exhaustion requirement was not properly satisfied because the appellate court was not given a full and fair opportunity to rule on Petitioner's first and second claims of ineffective assistance of counsel. The Magistrate must undertake analysis of the *four*-factor test to determine whether Petitioner has indeed defaulted and if so, whether the procedural default may be excused.

7

Under the *first* factor, Ohio law requires that a petitioner raise a claim at the first opportunity to do so; otherwise, the claim is barred by *res judicata*. *Rust v. Zent*, 17 F.3d 155 (6th Cir.1994). Under the doctrine of *res judicata*, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, 108 (1967).

In the instant case, Petitioner argues that trial counsel's failure to enforce his right to confront and cross-examine his accuser as well as the failure to conduct an investigation and effective cross-examination denied him the right to effective assistance of counsel. Resolution of these issues did not require the consideration of evidence outside of the record. Thus these ineffectiveness claims could have been litigated on direct appeal but they were not raised or adjudicated on the merits. Consequently, the claims are procedurally defaulted by *res judicata*.

Under the *second* factor, the Sixth Circuit has determined that Ohio's doctrine of *res judicata*, is regularly applied by the Ohio courts. *Jacob v. Mohr,* 265 F. 3d 407, 417 (6th Cir. 2001) (*citing Smith v. Anderson*, 104 F. Supp. 2d 773, 794 (S.D.Ohio, 2000)). The Sixth Circuit has rejected claims that Ohio has failed to apply the doctrine of *res judicata*, consistently. *Dickerson, supra*, 2013 WL 4060668 at *18 (*citing Greer v. Mitchell*, 264 F. 3d 663, 673 (6th Cir. 2001) (*citing Monzo v. Edwards*, 281 F. 3d 568, 577 (6th Cir. 2002)).

Petitioner initially raised in the application for reopening in the appellate court two claims for ineffective assistance of counsel for failure to: object to deprivation of his right to

8

confront and cross-examine witnesses and the victim and to investigate and call witnesses. Under Ohio law, a constitutional question about the performance of trial counsel cannot be raised in the application to reopen.  The only claim that can be preserved in a RULE 26(B) application for reopening is a claim of ineffective assistance of appellate counsel.  It is therefore unlikely that the Ohio Supreme Court would reach the merits of Petitioner's first two ineffective assistance of counsel claims that were not properly raised in the underlying appellate proceeding, thus, satisfying the *second* factor.

The *third* factor requires the reviewing court to determine whether the state procedural rule at issue is an adequate and independent state ground upon which to deny habeas review. Habeas relief is unavailable where a question of federal law is decided by a state court and the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.  It is well established in the Sixth Circuit that *res judicata* as applied by the state court is an adequate and independent state ground sufficient to foreclose habeas review of constitutional errors.  *Dickerson v. Sheldon,* 2013 WL 4060668, *18 (N.D.Ohio, 2013) (*citing Coleman v. Mitchell,* 268 F.3d 417, 429 (6th Cir.2001) *cert. denied,* 122 S.Ct. 1639 (2002)).

Here, Petitioner failed to raise his federal claims in compliance with relevant state procedural rules.  At this juncture, the state court would refuse to adjudicate the claim on state procedural grounds.  Such refusal is as an independent and adequate state ground on which to deny federal habeas review.

    a.    **CAUSE AND PREJUDICE**.

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the

claims is barred unless the prisoner can demonstrate "cause" for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Wogenstahl v. Mitchell,* 668 F.3d 307, 321 (6th Cir. 2012) *cert. denied*, 133 S. Ct. 311 (2012) (*citing Coleman v. Thompson*, 111 S.Ct. 2546, 2565 (1991)). The "cause" for default standard in procedural-default cases requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise a claim in the state courts. *Id.* (*citing McCleskey v. Zant,* 111 S.Ct. 1454, 1469 (1991) (internal quotation marks omitted)). Such factors may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing of a factual or legal basis for a claim that was not reasonably available. *Id.* (*citing McCleskey*, at 1470).

The prejudice prong is an elusive concept but several guidelines can be discerned from the Supreme Court's pronouncements and the case law interpreting those pronouncements. *Maupin v. Smith*, 785 F.2d 135, 139 (6thCir.1986). First, it is clear that the prejudice that must be shown must be a result of the alleged constitutional violation and not a result of the trial counsel's failure to meet state procedural guidelines. *Id.* (*See United States v. Frady*, 102 S.Ct. 1584, 1594 (1982) (prejudice must result from the errors of which defendant complained)). Second, the burden is on the petitioner to show that he or she was prejudiced by the alleged constitutional error. *Id.* (*citing Frady*, 102 S.Ct. at 1595). The petitioner must show that there was actual prejudice not merely a possibility of prejudice. *Id*. (*See also Engle v. Isaac*, 102 S.Ct. at 1572). Third, in analyzing a petitioner's contention of prejudice, the court should assume that the petitioner has stated a meritorious constitutional claim. *Id.* Thus, the examining court must determine whether the petitioner was prejudiced by his conviction based on allegedly insufficient evidence. *Id.*

In his Traverse, Petitioner alludes to the ineffective assistance of appellate counsel claim as a cause for excusing his failure to fairly present his first and second grounds for relief on direct appeal.  A valid claim of ineffective assistance of counsel may constitute cause to excuse a procedural default if presented to the state courts as an independent claim before it can be used to establish cause for a procedural default.  In order to preserve constitutional claims for habeas review, the judgment of conviction on direct appeal, and any adverse decision rendered by the trial court in a request for post-conviction relief, must be appealed to both the Ohio Court of Appeals and the Supreme Court of Ohio.  *O'Sullivan v. Boerckel*, 119 S.Ct. 1728, 1731-1732 (1999).  Any adverse decision rendered by the Ohio Court of Appeals on a motion for delayed reconsideration must also be timely appealed to the Supreme Court of Ohio.  *Id.*

Petitioner did challenge appellate counsel's effective representation by claiming that he failed to assert the ineffective assistance of trial counsel claims in the application to reopen.  While Petitioner appealed to the Ohio appellate court, his claim failed because he did not appeal to the Supreme Court of Ohio.  The rules do not permit Petitioner to rely on a procedurally defaulted claim as an excuse for procedural default.

Furthermore, Petitioner failed to overcome the presumed correctness of the appellate court decision's denying his RULE 26(B) motion.  Petitioner has not shown anything more than the possibility that the alleged errors at trial worked to his substantial disadvantage.  Petitioner failed to demonstrate that the failure to investigate and/or conduct an appropriate cross-examination of the victim and other witnesses, is material to showing the probability of prejudice sufficient to undermine confidence in the outcome of the trial.  Neither has Petitioner shown that trial counsel's performance worked to his actual and substantial disadvantage, infecting his entire trial with errors of a constitutional dimension.

b.  **FUNDAMENTAL MISCARRIAGE OF JUSTICE**.

Even though Petitioner has not shown "cause and prejudice," he may overcome the procedural default and obtain review on the merits of his claim by showing that the Court's failure to consider his claims will result in a fundamental miscarriage of justice.

The fundamental miscarriage of justice exception is explicitly linked to a showing of the petitioner's actual innocence. *Gibbs v. United States*, 655 F.3d 473, 477 (6thCir.2011) *cert. denied,* 132 S.Ct. 1909 (2012). "Actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 118 S.Ct. 1604, 1611 (1998). In other words, the habeas petitioner must show that it is more likely than not that no reasonable juror would have convicted him or her in light of new evidence. *In re Byrd*, 269 F.3d 561, 573 (6thCir.2001). Therefore the fundamental miscarriage of justice exception is available "only where the prisoner supplements his or her constitutional claim with a colorable showing of factual innocence." *Herrera v. Collins,* 113 S.Ct. 853, 862 (1993) (*citing Kuhlmann v. Wilson*, 106 S.Ct. 2616, 2627 (1986)).

In the Motion to Dismiss, Petitioner argues that his acts are excused or justified by the legal doctrine of self-defense. Such argument is based on legal innocence, not factual innocence. Without new evidence of innocence, even the existence of a possible meritorious constitutional violation is not sufficient to establish the miscarriage of justice exception that would allow this Court to reach the merits of these procedurally defaulted claims. Petitioner is bound by his procedural default and he cannot obtain habeas review of his first and second grounds for relief.

2.  **PETITIONER FAILED TO PRESENT HIS THIRD INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM TO THE SUPREME COURT OF OHIO**.

The Magistrate reiterates that a habeas litigant, in order to preserve his or her

constitutional claims for habeas review, must present any motion for post-conviction relief to both the Ohio Court of Appeals and the Supreme Court of Ohio. Here, Petitioner's third ineffective assistance claim set forth as the second prong of ground two was appropriately presented in the state appellate court in the application for reopening. Petitioner violated Ohio's *res judicata* rule when he failed to include the third claim in a proposition of law appealed to the Ohio Supreme Court. Since this remedy is no longer available, Petitioner has procedurally defaulted his third claim.

Petitioner does not assert that an external impediment prevented him from raising the claim. Neither does Plaintiff make a persuasive argument that he satisfies the prejudice prong as discerned from Supreme Court's precedents. For purposes of habeas review, Petitioner has waived his ineffective assistance of appellate counsel claim alleged in his third ground because he has failed to show cause and prejudice for his default or that failure to consider the claim would result in a fundamental miscarriage of justice.

### VI. ANALYSIS OF PETITIONER'S MOTION TO DISMISS (DOCKET NO. 6).

Plaintiff requests that the Court sever and dismiss the claims of ineffective assistance of counsel against trial counsel and "keep" the ineffective assistance of counsel claims against appellate counsel.

The Magistrate has already determined that the ineffective assistance of counsel claims against trial counsel are procedurally defaulted and as such, are not subject to habeas review. As a practical matter, severing and dismissing the claims against trial counsel is futile.

Neither will "keeping" the claims against appellate counsel assist Petitioner overcome his procedural default. As discussed above, Petitioner failed to present these

claims raised in the RULE 26(B) application to the state's highest court. Because he failed to fairly present these claims to the state courts, he cannot use such failure to satisfy the exhaustion requirements for such claims. Petitioner suggests that it is not his fault that an appeal was not perfected in the Supreme Court of Ohio because he did not have internet access and the appellate court failed to notify him once a ruling on the Rule 26(B) application was published.

As to Petitioner's allegations regarding the inadequacy of the library's computer system, Petitioner has not claimed a complete denial of access to the internet. In fact, Petitioner failed to explain how the alleged limited internet access prevented him from filing a timely appeal. Nevertheless, the Sixth Circuit has determined that lack of access to resources or research material is insufficient to serve as cause in a habeas case. *Bonilla v. Hurley,* 370 F. 3d 494, 498 (6th Cir. 2004).

The court of appeals denied Petitioner's application for reopening on August 10, 2012 and on August 23, 2012, the court granted Petitioner's request that the clerk serve him with all documents in the appeal. The notice that his application for reopening had been denied was forwarded to Petitioner on August 23, 2012, well within the 45 days in which Petitioner could file an appeal of right in the Supreme Court of Ohio (Docket No. 4-1, p 135 of 139).

The Magistrate is not persuaded that the alleged limited access to the internet or the alleged failure to serve Petitioner with the decision of the appeals establishes cause for his failure to satisfy the procedural rules.

**VII. ANALYSIS OF PETITIONER'S MOTION FOR DEFAULT JUDGMENT (DOCKET NO. 8).**

Petitioner seeks a court order entering a default judgment pursuant to FED.R.CIV.P.

14

55(2)(c)[2] for the reason that Respondent did not file a responsive pleading within 15 days from the filing of Petitioner's Traverse. Petitioner contends that by defaulting, Respondent consents to the granting of the Petition and his release should be accelerated.

Despite Petitioner's arguments, the Magistrate does not rely on FED. R. CIV. P. 55 to resolve this issue. Rather, the Magistrate looks to RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURT, a discrete set of rules that govern federal habeas proceedings made applicable to the civil rules to the extent that the practice in those proceedings is not specified in the RULES GOVERNING SECTION 2254 CASES. *See* FED.R.CIV.P. 81(a)(2) (Thomson Reuters 2013). The Advisory Committee notes to the civil rules advise that they are applicable to proceedings for habeas corpus when it is appropriate and when it would not be inconsistent or inequitable to the overall framework of habeas corpus.

RULE 2 of the RULES GOVERNING SECTION 2254 CASES addresses to some extent what the habeas petitioner should include in his or her Section 2254 petition. Such rule is similar to CIV. R. 8(a), in dictating the sufficiency of a pleading. RULE 5 of the RULES GOVERNING SECTION 2254 CASES suggests that a habeas petitioner may file a reply to the

---

[2] FED. R. CIV. P. 55[b](2)(c), states:
**(b) Entering a Default Judgment**.
**(2)** *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
   (c) establish the truth of any allegation by evidence.

15

government's answer provided it is within a time frame ordered by the court. Under CIV. R. 7(a)(7), an additional pleading such as a traverse would only be filed with leave of court. Neither the CIV. R. 7 nor RULE 5 of the RULES GOVERNING SECTION 2254 CASES has adopted a practice that the government is required to make a legal argument in response to the traverse.

The Court gave Respondent the option to file a reply to Petitioner's Traverse. Because Petitioner did not raise new matters in the Traverse, no judicious purpose could be served by repeating Respondent's initial argument. Respondent appropriately declined to file a reply to the Traverse. That Respondent declined to take advantage of this opportunity sets forth no basis for relief for Petitioner.

The Magistrate recommends that the Court deny Petitioner's Motion for Default Judgment.

## IX. CONCLUSION

For these reasons, the Magistrate recommends the Court (1) deny the Petition for Writ of Habeas Corpus (Docket No. 1); (2) deny the Motion to Dismiss (Docket No. 6); (3) deny the Motion for Default Judgment (Docket No. 8); and (4) terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: November 5, 2013

## X. NOTICE.

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.