UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Demetrius D. Miles,** | ) | **CASE NO. 5:13 CV 1078** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Margaret Bradshaw, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Armstrong (Doc. 10), recommending denial of Petitioner's pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 (Doc. 1), Petitioner's Motion to Dismiss all Unexhausted Claims (Doc. 6), and Petitioner's Motion for Declaratory Judgement (Doc. 8). Petitioner filed objections to the Report and Recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which

1

objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

### Discussion

#### A. Indictment and Trial

Following a fight with his girlfriend where he bit and severed her lip, Petitioner was indicted for the following offenses:

> Count One: Felonious assault, a violation of Ohio Rev. Code § 2903.11
> Count Two: Domestic violence, a violation of Ohio Rev. Code § 2919.25(A)
> Count Three: Domestic violence, a violation of Ohio Rev. Code § 2919.25(C)
> Count Four: Violation of a protection order, a violation of Ohio Rev. Code § 2919.27

The victim refused to testify during the trial after being subpoenaed by the state.  The trial court admitted statements the victim had made to police while being treated in the hospital and excerpts of jail calls between the victim and Petitioner.  Petitioner, represented by counsel, testified that he had acted in self-defense when he bit the victim.  After a jury trial, Petitioner was found guilty of Counts Two, Three, and Four.  When the jury was unable to reach a verdict as to Count One, the court empaneled another jury to retry the felonious assault charge.  After another jury trial, the defendant was found not guilty of felonious assault.  Petitioner was sentenced to 36 months' imprisonment on November 1, 2011.

#### B. Direct Appeal

Petitioner thereafter appealed his convictions.  Petitioner, represented by new counsel, presented four grounds for relief:

> 1. The evidence is insufficient to sustain a finding that Petitioner is guilty of domestic violence menacing and domestic violence.
>
> 2. The verdict of guilty of domestic violence menacing and domestic violence were against the manifest weight of the evidence.

> 3. The trial court erred by not granting petitioner's Rule 29 motion with respect to the domestic violence menacing charge and domestic violence charge.
>
> 4. The trial court violated Petitioner's right to due process under the Ohio Constitution and the Constitution of the United States as applicable through the Fourteenth Amendment.

On June 13, 2012, the Court of Appeals for the Ninth Judicial District upheld the domestic violence conviction under § 2919.25(A) finding it was based on sufficient evidence, but reversed and vacated the § 2919.25(C) conviction as not being based on sufficient evidence and remanded the case to the trial court.  Petitioner, represented by new counsel (his third attorney), thereafter timely appealed to the Ohio Supreme Court on July 30, 2012.  The Ohio Supreme Court declined to accept review of his case as not involving any substantial constitutional question on October 24, 2012.

### C. Application to Reopen

On July 16, 2012, Petitioner, *pro se*, filed an application for reopening under Rule 26(B), in which he alleged that appellate counsel had been ineffective for failing to raise his right to face his accusers and cross-examine the victim, for failing to investigate and subpoena witnesses, and for failing to object to the jury instructions.  Petitioner's application was denied on August 10, 2012.  Petitioner moved the Court of Appeals to be served with all the documents.  On August 23, 2012, the court granted his motion and directed the clerk of courts to serve petitioner where he was incarcerated.  Petitioner did not timely appeal the denial of his application for reopening to the Ohio Supreme Court.  Petitioner was subsequently re-sentenced on August 2, 2012, consistent with the Court of Appeals decision, to a definite term of three years for the remaining domestic violence conviction and a term of six months for the protective order conviction, which were to run concurrently.

**D. Federal Habeas Petition**

On May 10, 2013, Petitioner filed the present *habeas* petition.  Petitioner presented the following claims for relief.

> 1. Ineffective assistance of trial counsel for failing to object to the deprivation of Petitioner's right to face his accusers and to cross-examine the victim.
>
> 2. Ineffective assistance of trial counsel for failure to investigate and call witnesses.
>
> 3. Ineffective assistance of appellate counsel for failure to raise the issue on appeal that Petitioner had a right to confront his accuser.[1]

The Magistrate Judge considered Petitioner's first and second claims for relief and determined that these grounds were procedurally defaulted. The Magistrate Judge noted that Petitioner had not raised either of these issues of ineffective assistance of trial counsel on direct appeal, but had done so only in his Rule 26(B) application.  The Magistrate Judge concluded, and the Court agrees, that under Ohio law constitutional questions about the performance of trial counsel cannot be preserved in an application to reopen. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012) (quoting *Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001)) (explaining that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion 'would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel'").

The Magistrate Judge then analyzed whether Petitioner's failure to present these claims was excused and concluded that it was not.  Examining whether there was cause for default, while acknowledging that an ineffective assistance of counsel claim may constitute cause for

---

[1] Petitioner's claims have been renumbered for ease of reference.

4

procedural default, the Magistrate Judge noted that such a claim must not itself be defaulted on. Here, while Petitioner presented his claim in a Rule 26(B) application, he did not appeal to the Ohio Supreme Court as required under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  As such, the Magistrate Judge concluded that Petitioner has not demonstrated cause for the default of his first two claims and had additionally procedurally defaulted on his ineffective assistance of appellate counsel claim, his third claim for relief.  The Magistrate Judge further concluded that Petitioner failed to overcome the presumed correctness of the appellate court's decision denying his Rule 26(B) application because he had not shown anything more than the mere possibility that alleged errors at trial had worked to his substantial disadvantage.  Finally, the Magistrate Judge determined that Petitioner had not presented a claim that his conviction was a fundamental miscarriage of justice because he only asserted he had acted in self-defense, and not that he was factually innocent.

Petitioner objects that he did raise his claims of ineffective assistance of trial counsel at the earliest time available because he presented them in his Rule 26(B) application and that this alone satisfies *O'Sullivan*.  Petitioner's argument here is unavailing.  Petitioner must not only have presented his grounds to the state courts as he contends, but he also must have presented them for discretionary review to the court of last resort.  *O'Sullivan*, 526 at 848.  Petitioner, however, did not present his ineffective assistance of appellate counsel claim to the Ohio Supreme Court.

Petitioner next argues that his failure to appeal to the Ohio Supreme Court is excused because he never received notice that his application for reopening had been denied and he had limited access to the internet.  Petitioner's argument about lack of notice is also unpersuasive.

Petitioner fails to explain how his limitation on internet access barred him from ascertaining the status of his case.  In any event, lack of access to resources is generally insufficient cause in a *habeas* case. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).  The record indicates that Petitioner moved the appellate court to serve him personally with the orders and motions in his application for reopening and that this motion was granted. (Doc. 4-1 p. 135).  Petitioner points out that the record only indicates that the "orders were issued to attorneys by regular mail" on August 23, 2012.  As he was acting *pro se,* Petitioner argues that no notice was not sent to him.  The document pointed to by Petitioner does indeed indicate that notice was sent to attorneys.  From it alone, it is unclear whether Petitioner had notice of the denial of his application to reopen.  "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82–83 (6th Cir. 1969)); *Harbison v. Bell,* 408 F.3d 823, 842 (6th Cir. 2005) (same).  The Court, therefore, takes judicial notice of the service records for Petitioner's case which indicate that service was directed to him at the place of his incarceration by regular mail on August 23, 2012.  *See State v. Miles*, No. 26187 (Ohio Ct. App. 9 2012), *appeal not allowed,* 2012-Ohio-4902, 133 Ohio St. 3d 1425, 976 N.E.2d 915.  As such, Petitioner may not rely on a procedurally defaulted claim as an excuse for procedural default.

Finally, Petitioner argues that his filing of a delayed Rule 26(B) appeal to the Ohio Supreme Court, which was denied around December 11, 2012, means that he has exhausted his state remedies.  Petitioner is incorrect.  Petitioner's delayed Rule 26(B) appeal was denied because Supreme Court Rule 2.2(A)(4)(c) does not permit delayed review of Rule 26(B) appeals. (Doc. 13-3).  Petitioner failed to timely file an appeal of his application for reopening with the

6

Ohio Supreme Court and doing so late did not fairly present his issues to Ohio's court of last resort. Consequently, Petitioner has procedurally defaulted on his ineffective assistance of appellate counsel claim.

The Magistrate Judge next considered Petitioner's Motion to Dismiss (Doc. 6). Petitioner requests that the Court sever and dismiss the ineffective assistance of trial counsel claims and keep the ineffective assistance of appellate counsel claims. The Magistrate Judge concluded, and this Court agrees, that "keeping" the ineffective assistance of appellate counsel claims is futile inasmuch as the Court has already determined that the ineffective assistance of appellate counsel claim is also procedurally defaulted.

Petitioner has also moved the Court for default judgement pursuant to Fed. R. Civ. P. 55(2)(c) because Respondent did not file a responsive pleading within 15 days from the filing of Petitioner's Traverse. The Magistrate Judge correctly dismissed this argument, noting that § 2254 cases are governed by the Rules Governing Section 2254 Cases in the United States District Courts, a discrete set of rules from the Federal Rules of Civil Procedure. Under these rules, the government is not required to make a legal argument in response to the traverse. Consequently, this Court agrees and adopts the Magistrate Judge's recommendation that Petitioner's Motion for Default Judgement be denied.

**Conclusion**

Accordingly, the Report and Recommendation is ACCEPTED. The Petition for Writ of *Habeas Corpus* is DENIED, Petitioner's Motion to Dismiss is DENIED, and Petitioner's Motion for Default Judgement is DENIED. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal

from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. 2253(c); Fed.R.App.P. 22(b).  Petitioner's Request for a Certificate of Appealability is DENIED (Doc. 12).

      IT IS SO ORDERED.

                                /s/ Patricia A. Gaughan
                                PATRICIA A. GAUGHAN
                                United States District Judge

Dated: 3/11/14